UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN E. STOTE, et al., <br>           (plus 125 John Does, <br>     Plaintiffs, <br> <br>     v. <br> <br> UMASS CORRECTIONAL HEALTH CARE, et al., <br>     Defendants. | Civil Action No. <br> 13-10267-NMG |

ORDER

**GORTON, J.**

For the reasons set forth below, the Court orders the plaintiff(s) to file a complaint.

On February 12, 2013 John E. Stote, who is incarcerated at MCI Norfolk, filed a self-prepared "Emergency Motion for Temporary Restraining Order & Preliminary Injunction."  The motion lists Stote "plus 125 John Does" as plaintiffs.  The caption of the document also contains the statement "Civil action to be filed within thirty days, approximately 125 plus plaintiffs, plaintiffs may request class-action."  Stote is the only person who signed the motion.

In his motion, Stote alleges that he and other inmates at MCI Norfolk have received grossly inadequate medical treatment from employees of UMass Correctional Health Care, and that prison officials and employees have condoned the practice.  Stote asks that the Court immediately close the Health Services Unit ("HSU") at MCI Norfolk (except to allow prisoners to receive prescribed medications) and that prisoners receive all medical care at local

hospitals until "MCI-Norfolk HSU is revamped with adequate help." Mot. at 19.

Contrary to the intention expressed in the caption of the motion, Stote has not yet filed a complaint. Without a complaint, the Court cannot entertain a motion for temporary injunctive relief. A civil action is not commenced until a complaint is filed. See Fed. R. Civ. P. 3.

If Stote chooses to pursue this action, he must file a complaint. Any complaint must be signed by all plaintiffs. Although Stote has identified himself as the "Majority Chairman" of the MCI Norfolk Inmate Council, he does not have standing to assert the claims for injuries suffered by others. See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010). He cannot represent anyone but himself, see 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); LR 83.5.3(c), D. Mass., nor can he serve as a class representative unless he is represented by counsel, see Lewis v. City of Trenton Police Dep't, 175 Fed. Appx. 552, 554 (3d Cir. 2006) (per curiam); Lescs v. Martinsburg Police Dep't, 138 Fed. Appx. 562, 564 (4th Cir. 2005) (per curiam).

If the $350 filing fee is not prepaid, the plaintiff must seek leave to proceed in forma pauperis by filing an Application to Proceed in District Court Without Prepaying Fees or Costs and the prison account statement required under 28 U.S.C. § 1915(a)(2). If there is more than one plaintiff, the filing

fee will be apportioned equally between the plaintiffs.[1]

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The phrase "et al." may not be used in the caption of the complaint to refer to plaintiffs or defendants. The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint must clearly identify the alleged misconduct of each individual defendant. See Fed. R. Civ. P. 8(a)(2) (pleading must include "a short and plain statement of the claim"); Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (Rule 8(a)(2) requires plaintiff to set "minimal facts as to who did what to whom, when, where, and why" (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004))). States.

Accordingly, if Stote or any "John Doe" plaintiff chooses to prosecute this action, he must, within forty-two (42) days of the date of this Order, file a complaint. Failure to do so will

---

[1]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee (or each plaintiff's portion thereof) is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

result in dismissal of this action without prejudice.  The Clerk shall provide Stote with an Application to Proceed in District Court Without Prepaying Fees or Costs.

**So ordered.**

                                                    /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated: 4/19/13