```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                              )
JOHN E. STOTE, et al.,        )
         (plus 125 John       )
           Does,              )    Civil Action No.
         Plaintiffs,          )    13-10267-NMG
                              )
         v.                   )
                              )
UMASS CORRECTIONAL HEALTH CARE,)
et al.,                       )
         Defendants.          )
_____)
```

## MEMORANDUM AND ORDER

**GORTON, J.**

Before the Court is the complaint (Docket No. 13) of more than 100 current and past MCI Norfolk inmates who allege that they have received inadequate medical care at the prison. For the reasons set forth below, the Court will sever the claims of the individual plaintiffs from one another.

## I. Background

This action was commenced by MCI Norfolk inmate John E. Stote ("Stote"), who, in motions for preliminary injunctive relief filed without a complaint, represented that he was bringing a class action on behalf of 125 other "John Doe" inmates at MCI Norfolk for prison officials' systemic failure to provide adequate medical care at that institution. The Court directed Stote to file a complaint and explained that he could not represent other parties or serve as a class representative if he did not have an attorney.

Stote later filed a voluminous complaint. It is 190 pages long, typed and single-spaced; it is signed by more than 100

inmates.[1]

The first 20 pages of the complaint contain general allegations common to some or all of the plaintiffs. (See Compl. ¶¶ 1-37.) The subject paragraphs contain a summary of the alleged systemic problems with the provision of medical services at MCI Norfolk, including (1) lack of inmate access to medical professionals and specialists, (2) failure to provide services in a timely fashion, (3) failure to perform medically necessary tests, (4) failure properly to diagnose and treat a variety of conditions, including severe pain and dental conditions, (5) premature termination of treatment and medication, (6) failure to allow consistent access to medications, (7) failure to follow the direction of outside specialists, and (8) refusal to provide medical treatment because an inmate is new to MCI Norfolk, subject to disciplinary proceedings or going to be released. (See id. ¶ 2.) The plaintiffs also allege inadequate staffing, an ineffective grievance procedure and inmate difficulties in accessing their own medical records because they are charged a fee even to look at their medical files.

In the following 150 pages or so, allegations specific to each individual plaintiff are set forth, with each plaintiff signing his name after the section applicable to him. In the final pages of the complaint, the plaintiffs state their causes

---

[1] A few more persons are named as plaintiffs but did not sign the complaint, apparently because they do not understand English, are located at a prison other than MCI Norfolk or have been released.

of action and prayers for relief and demand a trial by jury.  The plaintiffs seeks compensatory and punitive damages.

**II. <u>Severing of the Claims</u>**

Under Rule 20 of the Federal Rules of Civil Procedure persons may join in one action if

> they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences [and] any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

On review of the present complaint, the Court finds that the allegations of over 100 plaintiffs lack the requisite similarity in transaction or occurrence to justify joinder.  Although the plaintiffs allege systemic unconstitutional practices by the defendants, each inmate's cause of action arises from application of the defendants' practices to deprive him individually of his rights.  Each inmate's right to relief will therefore turn on matters of proof involving his own medical conditions, injuries suffered, treatment received or denied.  Further, each individual plaintiff must have exhausted his administrative remedies.[2]  Although it is certainly possible for two or more inmates to join

---

[2]Even assuming, <u>arguendo</u>, that the plaintiffs are properly joined, a single lawsuit with more than 100 unrepresented inmate plaintiffs presents a significant practical difficulty for the inmates, such as (1) the need for each plaintiff to sign a document for filing, (2) the risk of pleadings being filed without the consent of each plaintiff, and (3) the logistics of holding hearings.  <u>See</u> <u>e.g.</u>, <u>Ward-El</u> v. <u>Heyns</u>, C.A. No. 13-13595, 2013 WL 4776114, at *3 (E.D. Mich. Sept. 6, 2013); <u>Curry</u> v. <u>Cal. Dep't of Corr. & Rehabilitation</u>, C.A. No. 09-03408, 2011 WL 855828, at *2 (N.D. Cal. Mar. 9, 2011).

3

their claims for allegedly inadequate medical care, see, e.g. Allen v. Woodford, C.A. Nos. 05-01104, 05-01282, 2006 WL 3825008, at *16 (E.D. Cal. Dec. 26, 2006) (two inmates who had nearly identical claims concerning the same medical procedure performed in the same prison were properly joined as plaintiffs), this action is one that does not meet the joinder requirements of Rule 20, see, e.g., McFadden v. Fuller, C.A. No. 13-02290, 2013 WL 6182365 (D.S.C. Nov. 22, 2013) (claims of 91 inmates, who claimed they suffered from a variety of medical conditions due to improper nutrition, improperly joined); Odom v. Hiland, C.A. No. 12-00124, 2012 WL 6203966 (W.D. Ken. Dec. 12, 2012) (claims of two inmates, who complained about denial of appropriate medical treatment, not properly joined); Hendricks v. Kasich, C.A. No. 12-00729, 2013 WL 2243873, at **1, 4 (S.D. Ohio May 21, 2013) (same).

In light of the Court's broad discretion to separate parties or claims, see Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003), the Court will separate the claims of each of the plaintiffs into separate actions.

**III. Filing of an Amended Complaint**

The Court will order that the Clerk open up a separate action for each of the plaintiffs except Stote and that the complaint in this action be docketed in each of the newly-opened cases. Each plaintiff will be responsible for the full filing fee in his case.

4

Any plaintiff may also file an amended complaint, which would supercede the original complaint. In deciding whether to file an amended complaint, each plaintiff should ensure that his pleading fulfills the requirements of Fed. R. Civ. P. 8(a). Under that rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." At a minimum, a complaint or amended complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). The claim must set forth at least "minimal facts" as to what each defendant did to whom, when, and where, see id., and it is each plaintiff's obligation to provide more than mere labels and conclusions that inadequate medical care was provided, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not

> bound to accept as true a legal conclusion couched as a factual allegation [and] [f]actual allegations must be enough to raise a right to relief above the speculative level.

Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Further, the plaintiffs should be aware that the bar is

somewhat high for stating a claim under 42 U.S.C. § 1983 for an Eighth Amendment violation based on inadequate medical care.  A prisoner must allege facts from which the Court may reasonably infer that a prison official's failure to provide adequate medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prison official is deliberately indifferent if she is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference."  Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  A  medical need is "serious" if it is one

> that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

Id. (quoting Gaudrealt v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990)).  "[T]he subjective deliberate indifference inquiry may overlap with the objective serious medical need determination."  Id. (quoting Smith v. Carpenter, 316 F.3d 178, 187 n.12 (2d Cir. 2003)).

Whether a plaintiff relies on the original complaint or files an amended complaint, he should make sure that the pleading sufficiently states his own claim.  The allegations should clearly identify the nature and severity of his own medical

6

condition, who he contacted for medical care, approximately when he made such requests, the response(s) or lack thereof to the requests, the persons who responded (or failed to respond) to the requests, and the degree to which the medical condition continued after the alleged lack of adequate care.

**ORDER**

For the reasons stated in the memorandum above:

(1) The Clerk shall terminate all plaintiffs except Stote as parties to this action.

(2) The Clerk shall open separate, individual civil actions for each plaintiff other than Stote and shall docket the complaint in this action in all of the individual cases. The cases shall be randomly assigned to the Judges of this Court. The case filing date for each of these new cases shall be the date of this order, although for statute of limitations purposes the plaintiffs may rely on the dates on which documents were filed in this action.

(3) Each plaintiff, including Stote, must, within sixty (60) days of the date of this order (1) pay the $400 filing fee; or (2) seek leave to proceed without prepayment of the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs and a certified six-month prison account statement. See 28 U.S.C. § 1915(a)(2).

Failure to pay the fee or seek leave to proceed without prepayment of the fee may result in dismissal of an individual action without prejudice. Any prisoner plaintiff who is allowed to

proceed without prepayment of the filing fee will still be required to pay a $350 filing fee over time by making installment payments, regardless of the outcome of the case.  See 28 U.S.C. § 1915(b).

(4)  Each plaintiff who desires to file an amended complaint must do so within sixty (60) days of the date of this order.

(5) The Clerk shall send to every plaintiff who signed the complaint: (1) a copy of this order; and (2) an Application to Proceed in District Court Without Prepaying Fees or Costs.  If a plaintiff's copy of the order is returned as undeliverable, the Clerk shall make a reasonable effort to determine if the named plaintiff is still within the custody of the DOC and, if so, send the documents to the plaintiff at the appropriate institution.

(6)  The Clerk shall send a courtesy copy of this order to counsel for Massachusetts Department of Correction.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge
Dated: 6/25/2014