```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                              )
JOHN E. STOTE, et al.,        )
        Plaintiffs,           )    Civil Action No.
                              )    13-10267-NMG
        v.                    )
                              )
UMASS CORRECTIONAL HEALTH CARE,)
et al.,                       )
        Defendants.           )
                              )
_____)
```

**ORDER**

**GORTON, J.**

The motion to stay pending appeal (docket entry #32) is denied to the extent that plaintiff John E. Stote asks that the individual cases of the plaintiff who signed the complaint in this action (docket entry #13) be stayed pending his appeal of the Court's June 26, 2014 order (docket entry #20) severing the claims of each plaintiff.

On July 31, 2014, Stote filed his notice of appeal. He was the only signatory of the notice. As the Court has already stated in previous orders, Stote does not have standing to assert the claims for injuries suffered by others and he cannot represent other litigants. See 28 U.S.C. § 1654; Local R. 83.5.3(c) (D. Mass.); Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); see also Vazquez v. Federal Bureau of Prisons, 999 F. Supp. 2d 174, 177-78 (D.D.C. 2013) (prisoner could not represent other inmates, even where he sought class certification). This principal, as applied to a notice of appeal, means that Stote did not have authority to appeal the

Court's ruling on behalf of the other plaintiffs.  See, e.g., Davy v. Star Packaging Corp., 517 Fed. Appx. 874, 876 (11th Cir. 2013) (notice of appeal filed by pro se litigant was only effective as to him and not as to other co-plaintiffs).  That Stote may have authority to act on behalf of other prisoners in regard to prison administrative matters does not mean that he can act on their behalf in this Court.

Further, the factors regulating the issuance do not weigh in favor of granting a stay.  These considerations are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 777 (1987).  In this case, Stote has not made a strong showing that he is likely to succeed on his appeal.  The First Circuit, citing a case holding that orders severing claims are not ordinarily immediately appealable, has directed him to show cause why his appeal should not be dismissed for lack of appellate jurisdiction. See Stote v. UMass Corr. Healthcare, App. No. 14-1827 (1st Cir. Oct. 29, 2014).  In addition, the appellate standard of review of an order severing claims is for abuse of discretion.  See Cruz v. Bristol-Myers Squibb Co., PR, Inc., 699 F.3d 563, 569 (1st Cir. 2012) (finding no abuse of discretion in the district court's decision to sever claims of co-plaintiffs).  Stote has not demonstrated a

2

likelihood that the First Circuit would make this finding.

The Court's previous order granting in part Stote's earlier-filed motion to stay only had the effect of staying Stote's claims. If the other plaintiffs wish to stay their individual cases pending Stote's appeal, they may file appropriate motions in their respective cases.

Finally, the Court notes that Stote has stated that in a future motion he will ask the Court to appoint a specific attorney as pro bono counsel. While the Court will entertain such a motion at an appropriate time, the Court wants to correct Stote's understanding that appointed counsel would be paid. When a Court appoints pro bono counsel, the attorney undertakes the representation with the understanding that he or she will not be reimbursed for his services (although he or she may receive up to $5,000 as reimbursement for out-of-pocket expenses).

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: 12/1/2014